1  Jeffrey T. Bell (SBN 184876)
Rick Ma (SBN 306994)
2  Law Offices of Jeffrey T. Bell
11001 Valley Mall Ste 300
3  El Monte, CA 91731-2620
Telephone: (626) 280-8787 | Fax: (626) 226-5699
4  service@jtblawyer.com

5  Attorney for Plaintiff
QIU LAN HE
6

7

8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11

12  QIU LAN HE                          CASE NO.  2:19-CV-06417

13         Plaintiff,                   **COMPLAINT**

14     vs.                             1.  FRAUD
                                        2.  BREACH OF CONTRACT
15                                      3.  BREACH OF FIDUCIARY DUTY
WEN YANG; ROGER LUO; LONGZE FILM
16  LIMITED COMPANY; MAGIC ORIENTAL, INC.

17                                      **JURY TRIAL DEMAND**

18         Defendants.

19

20

21

22                                1.

23                          **Jurisdiction**

24  1.  This court has jurisdiction under 28 U.S.C. Section 1332 based on the fact that (1) the amount in

25     controversy ($308,820) exceeds $75,000; (2) Plaintiff is a New York resident and Defendant Wen

26     Yang is a resident and citizen of China; (3) Plaintiff is a New York resident and Defendant Roger J.

27     Luo is a resident of Los Angeles Count, California; and (4) Defendant Longze Film Limited

28     Company was incorporated under the laws of China with its principal place of business in Beijing,

-- 1 --
**COMPLAINT**

China.

2.   This action arises out of contract entered into between Plaintiff and Defendant Longze.  The contract was negotiated and entered into in Los Angeles, California.  The subject of the contract was for the investment in a movie "Magic Oriental" that was to have movie production in both Los Angeles and China with a production company made up of both Los Angeles based staff and China based staff.  In furtherance of this planed Los Angeles production, Defendants Wen Yang and Roger J. Luo formed a California Corporation defendant Magic Oriental, Inc. with its principal offices in Los Angeles County.  Defendant Magic Oriental was to be the United States production arm of the joint film project.  Defendants conducted significant business activities in Los Angeles County as will be further set forth below.

## 2.

## Parties

3.   Plaintiff Qiu Lan He is an individual who is a resident of New York, New York and citizen of United States and will be hereafter referred to a Plaintiff.

4.   Defendant Wen Yang is an individual who is a resident of China and citizen of China and who will hereafter be referred to as "Defendant Yang."  Defendant Yang is the CEO and owner of Defendant Longze Film Limited Company and CEO and owner of Defendant Magic Oriental, Inc.

5.   Defendant Roger J. Luo is an individual who is a resident of Los Angeles County, California and who will be hereafter be referred to as "Defendant Luo."  Defendant Luo is the CFO of Defendant Longze Film Limited Company and Defendant Magic Oriental, Inc.

6.   Defendant Longze Film Limited Company is an unknown business organization formed under the laws of person China and a principal place of business is Beijing, China and who will hereafter be referred to as "Defendant Longze."

7.   Defendant Magic Oriental, Inc.  was a California Corporation with its principal place of business in Los Angeles County, California and who will be hereafter referred to as "Defendant Magical Oriental."

**COMPLAINT**

**3.**

**<u>Factual Allegations</u>**

8.  On March 18, 2016, Plaintiff met with Defendant Yang and Defendant Luo is Los Angeles, California. The purpose of meeting was to enter into to a movie investment contract between Plaintiff and Defendant Longze. In exchange for investing $308,820, Plaintiff would be become an owner of the rights associated with the proposed movie, "Magic Oriental," along with becoming a shareholder of the companies that would be formed to produce the movie. In the end, Plaintiff would own 2.5% of the shares of both Defendant Magic Oriental and Defendant Longze. Plaintiff's investment represented 2.5% of the total projected movie budget. Defendant Longze agreed to contribute itself or through other investors the remaining 97.5% of the movie budget and provide all technical and management of both companies and the movie production. Defendant Yang was to be the CEO and Owner of these companies. Defendant Luo was to act as the CFO of these companies. The parties signed the Movie Investment Contract dated March 18, 2016 in Los Angeles, California, which will hereafter be referred to as the "Movie Contract." Defendant Yang signed on behalf of Defendant Longze.

9.  In consideration of the Movie Contract, Plaintiff gave Defendant Yang $50,000 cash on March 25, 2016. Plaintiff also issued multiple checks, signed without payee name, to Defendant Yang that were to be deposited into the US formed company to represent Plaintiff's equity capitalization. Plaintiff had given stick instructions that Plaintiff's investment money had to be paid into the company's bank account. The checks were dated with April, May and June dates on them as Plaintiff needed time to collect the necessary capital.

10. On April 4, 2016, Defendant Yang incorporated Defendant Magic Oriental in California with Defendant Yang as CEO and Defendant Luo as CFO.

11. On April 20, 2016, Defendant Yang and Defendant Luo opened a bank account for Magic Oriental at East West Bank at a branch in the City of Industry, California. Plaintiff's investment capital was to be deposited into the East West Bank Account. Only $206,920 out of Plaintiff's $308,8820 investment money was deposited into the East West Bank Account. The undeposited amounts of money were taken by Defendant Yang and Defendant Luo for their own personal use and enjoyment.

**COMPLAINT**

12. Plaintiff met with Defendant Yang and Defendant Luo in May 2016 in Los Angeles, California. At this point, not all of the Plaintiff's invested capital checks had been deposited. Defendant Yang and Defendant Luo both assured Plaintiff that the business was going well and that the project would be successful.

13. Within a month of Plaintiff's money being deposited, Defendant Yang wired $100,000 to his wife's personal account in China and Defend Luo wrote himself a $5,000 check. Defendants Yang and Defendant Luo also drafter at $9500 check for cash and took that money and split it between themselves. The balance of the funds were continued to be used thereafter by Defendant Yang and Defendant Luo for their own personal use.

14. Defendant Magic Oriental never conducted any real business as contemplated by the parties. Instead, Defendant Yang and Luo used Plaintiff's invested money for their own personal benefit(Living expenses) and to promote the project to other investors with a goal of creating a new business that would exclude the Plaintiff.

15. On December 18, 2018, Plaintiff met with Defendant Yang in Beijing, China. In this meeting, Defendant Yang told Plaintiff that the movie was not yet completed and the proposed project plan had failed. Defendant Yang proposed that Defendant Longze to Plaintiff her investment money as follows: $80,000 on or before June 30, 2019; $100,000 on or before April 30, 2020 and $128,220 on or before December 30, 2020. If any payment was not made on time, then the complete balance would become immediately due. Thereafter, Plaintiff and Defendant Longze entered into Refund Agreement dated December 18, 2018.

16. On February 26, 2019, Defendant Yang dissolved Defendant Magic Oriental. Defendant Luo and Defendant Yang took all of the assets of Defendant Magic Oriental and dispersed them amongst themselves.

17. On June 30, 2019, Defendant Longze failed to make the first payment under the Refund Agreement. As a result, the full amount due under the agreement was due and payable on June 30, 2019.

18. Unbeknownst to Plaintiff at the time, Defendant Yang and Defendant Luo had actually formed a new company, Tianjin Longze Film Limited Company sometime after June 2016. Defendant Yang and Defendant Luo transferred all of the rights and project documents of the movie Magic Orient to

-- 4 --
**COMPLAINT**

Tianjin Longze Film Limited Company.  This essentially resulted in all of the assets of both Defendant Longze and Defendant Magic Oriental ending up within the control and ownership of Tianjin Longze Film Limited Company.

### 3.

### First Cause of Action-Fraud

### (Against Defendant WEN YANG and Defendant ROGER LUO)

19. Plaintiff herein incorporates as fully set forth herein all proceeding paragraphs.

**March 2016 False Statement**

20. Defendant Yang made false and misleading statements to Plaintiff.  Specifically, on March 18, 2016, Defendant Yang orally told that "Plaintiff would become an owner in the movie "Magic Oriental" and that Plaintiff would own 2.5% of both Defendant Magic Oriental and Defendant Longze."

21. Defendant Yang knew his statement that "Plaintiff would become an owner in the movie "Magic Oriental" and that Plaintiff would own 2.5% of both Defendant Magic Oriental and Defendant Longze" was false when he made the statement.  Defendant Yang had created the business proposal that eventually became the Movie Contract.  The Movie Contract was nothing but a sham or ruse to get Plaintiff to invest money.  Defendant Yang never intended to create the Magic Oriental movie or share any profits with Plaintiff.

22. Defendant Yang intended and planned that Plaintiff would rely on Defendant Yang's statement in making her decision to invest in the business.  Defendant Yang needed to provide Plaintiff with a financial incentive to get Plaintiff to invest in the Project.

23. Plaintiff reasonably relied on the representation and promises made by Defendant Yang in her decision to invest in the Movie and sign the Movie Contract.  Defendant Yang provided proposal documents and purported investment brochure that detailed the proposed project to support the basis for the representations her made to Plaintiff.  Plaintiff had no reason to doubt the information provided and Plaintiff had conduct investigation into the people allegedly involved in the project and they appeared to be real.

24. Based on the representation of Defendant Yang, Plaintiff agree to sign the Movie Contract and invest $308,220 into the movie project.

25. Plaintiff has been harmed and she has lost all of her $308,220 investment.

26. Defendant Yang's wrongful conduct was a substantial factor in causing the Plaintiff's harm.

**May 2016 False Statements**

27. In May 2016, Plaintiff met with Defendant Yang and Defendant Luo in Los Angele, California. During the meeting, Defendant Luo specifically told Plaintiff that "as the company CFO, I can assure you that all of your invested capital has been used for company purposes and will be used for company purposes in the future." Defendant Yang also stated to Plaintiff that Plaintiff's money "had been properly invested into the company and was/has been used for company purposes." Defendant Yang and Defendant Luo also both specifically stated that "Ash Brennan has been retained as the Director for the movie."

28. Defendants knew that their statements in May 2016 were false. Defendants knew that they had already used Plaintiff's invested capital for their own benefit and not for the benefit of the company. Defendants also knew that they had paid Ash Brennan to appear at the meeting with Plaintiff to help convince Plaintiff to fulfill her investment promises and that Ash Brennan was not going to be the director of the film. Defendants also knew that the production documents presented were false and were generated previously just to make it appear that a movie project was in development and had no other purposes.

29. Defendants intended the Plaintiff to rely on their false statements. Plaintiff had not fully paid her investment capital amount at the time of the meeting. The purpose of the meeting was in part to ensure the plaintiff that the defendants were doing as they promised and that the movie project was going forward as planned. Defendants knew that they needed to provide convincing information to Plaintiff to get her to continue to invest in the project. This was the purpose and intent of making the false statements.

30. Plaintiff reasonably relied on the statements by Defendants. Defendants did produce Ash Brennan at the meeting, who is a famous movie director. Mr. Brennan did convey information about the film that made it appear that he was going to direct the film. Plaintiff had no reason to doubt Mr. Brennan or the other representations being made. Along with the talking at the meeting, Defendants also presented a large quantity of movie production related documents at the meeting and claimed

that those had just been completed.

31. Based on the representations of the Defendants, Plaintiff agreed to continue funding the project pursuant to the March 2016 agreement.

32. Plaintiff was harmed in the amount of $200,000.

33. Defendants' wrongful conduct was a substantial factor in causing Plaintiff harm.

**4.**

**Second Cause of Action-Breach of Contract**

**(Against Defendant Longze Film Company Limited)**

34. Plaintiff herein incorporates as fully set forth herein all proceeding paragraphs.

35. Plaintiff and Defendant Longze entered into a written agreement on December 18, 2018.

36. The essential terms of the agreement were that Plaintiff would give up her interest in the Movie Magic Oriental and Defendants Longze and Defendant Magic Oriental in the exchange for the payment of money by Defendant Longze. Defendant Longze agreed to pay $308,220 with the first payment of $80,000 due on or before June 30, 2019. A second payment of $100,000 was due on April 30, 2019 and a third payment of $128,220 was due on December 30, 2020. If any payment was not made on June 30, 2019, then all amounts due under the agreement were due and payable immediately.

37. Defendant Longze breached the agreement when it failed to make the first payment due on June 30, 2019.

38. Plaintiff has performed all obligation required under the agreement except those obligations prevented or excused from performance.

39. Plaintiff suffered damages as a legal and proximate caused by Defendant Longze's breach of contract.

40. Plaintiff suffered damages in the amount of $308,220 plus interest on the unpaid amount of .5% per the agreement.

**COMPLAINT**

5.

### Third Cause of Action-Breach of Fiduciary Duty

### (Against Defendant Wen Yang and Defendant Roger Luo)

41. Plaintiff herein incorporates as fully set forth herein all proceeding paragraphs.

42. Defendant Yang and Defendant Luo owed a fiduciary duty to Plaintiff.  Defendant Yang was the CEO of both Defendant Longze and Defendant Magic Oriental.  Defendant Luo was the CFO of both Defendant Longze and Defendant Magic Oriental.  Plaintiff was an owner of both companies per the Movie Investment Agreement.  Defendant Yang and Defendant Luo also have control and ownership over the East West Bank account where Plaintiff's money was deposited and was supposed to be used for business purposes.  Defendant Yang was also given $50,0000 by Plaintiff that Defendant Yang was supposed to transfer to the Defendant Magic Oriental for business purposes for which he took the money for himself.

43. Defendant Yang and Defendant Luo breached their fiduciary duties to Plaintiff, by among other things, using Plaintiff's invested capital for their own personal use and enjoyment, using Plaintiff's invested capital to create a new business that would exclude Plaintiff's rights to Magic Oriental movie profits; the transfer and selling all of the assets of Defendant Longze and Defendant Magic Oriental to another entity without Plaintiff's knowledge and without compensating Plaintiff.

44. Defendants breach was a substantial factor in causing the Plaintiffs harm in that the Defendants wrongful conduct result in the loss of the Plaintiff's invested money.

45. Plaintiff was harmed in the amount of $308,220.

### Prayer for Damages

1.  Special/Compensatory damages of $308,220.
2.  Attorney fees per agreement.
3.  Interest per agreement
4.  For all other relief the court deems just and fair.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Aliquantum International Inc hereby demands a trial by jury as to all claims in this litigation.

DATED: July 24, 2019

Law Offices of Jeffrey T. Bell

By: _____
Jeffrey T. Bell, Esq.
Rick Ma, Esq.
Attorney for Plaintiff,

QIU LAN HE

-- 9 --
**COMPLAINT**